UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:

Jerrod E. Robertson,

    Plaintiff,

v.

Genuine Parts Company
d/b/a Napa Auto Parts

    Defendant,

_____/

## COMPLAINT

Plaintiff Jerrod E. Robertson by and through the undersigned counsel, hereby sues Defendant Genuine Parts Company, d/b/a Napa Auto Parts, on the grounds set forth herein.

### Introduction

1. This is an action by Plaintiff under 42 U.S.C. §1981 (Civil Rights Act of 1866) to redress the injury done to him by the Defendant's discriminatory treatment and retaliation based on his Race and Color (Black).

### Jurisdiction And Venue

2. This is an action for damages brought in excess of $15,000.00, exclusive of interest, attorney's fees, and costs.

3. This action is authorized and instituted pursuant to 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended,

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343.

5. The venue of this action is properly placed in the Middle District of Florida, Jacksonville Division, pursuant to 28 U.S.C. §1391(b), since the unlawful alleged employment practices were committed in Duval County, within the jurisdiction of this Honorable Court.

## Parties

6. Plaintiff Jerrod E. Robertson is a resident of Duval County, who was employed by Defendant Genuine Parts Company, d/b/a Napa Auto Parts Napa Auto Parts, LLC, and is a member of certain protected classes of persons because of his Race and Color (Black).

7. Defendant Genuine Parts Company, d/b/a Napa Auto Parts (hereinafter Napa Auto Parts, or "Defendant") is a Foreign Profit Corporation authorized to conduct business in the State of Florida within the jurisdiction of this Honorable Court.

8. At all times relevant to this complaint, Plaintiff Jerrod E. Robertson was employed by Napa Auto Parts, and the parties had a contractual relationship with each other.

## Statement of Facts

9. Plaintiff Jerrod E. Robertson is a 29-year-old Black male. He is a resident of Duval County who was employed by Defendant Napa Auto Parts. The Plaintiff is a member of certain protected classes of persons because of his Race and Color (Black).

10. Defendant Napa Auto Parts distributes automotive and industrial replacement parts with hundreds of company-owned stores around the United States.

11. Defendant Napa Auto Parts employed Plaintiff Jerrod E. Robertson as a warehouse employee from approximately February 16, 2023, to October 03, 2023, or 33 weeks.

12. Plaintiff worked at Napa Auto Parts located at 1090 Haines ST, Jacksonville, Florida 32206.

13. Plaintiff was a full-time hourly employee, earning approximately $17.75 an hour.

14. Throughout his employment with Defendant, Plaintiff performed his duties satisfactorily. Plaintiff possessed all the required skills, training, and qualifications for the job in question and performed his duties without significant issue or controversy.

15. However, during the time Plaintiff was employed by Defendant, Plaintiff was subjected to unlawful acts of discrimination, such as harassment and a hostile working environment, and was further subjected to different terms and conditions of employment, and finally, he was subjected to a discriminatory discharge because of his Race and Color.

16. While employed by Defendant, Plaintiff suffered discriminatory, disrespectful, and abusive treatment at the hands of his manager, Johnny Palmer.

17. Since his employment with Defendant began, Plaintiff suffered discriminatory treatment based on his Race and Color.

18. Manager Johnny Palmer subjected Plaintiff to highly offensive, derogatory, and discriminatory remarks and comments in reference to his Race and Color.

19. Manager Johnny Palmer yelled at Plaintiff racial slurs and called him "Dumb n…..", "Black thug," "Young Black thug," and other degrading and demeaning names.

20. On or about March 03, 2023. Plaintiff complained to HR manager Teandra LNU, Ms. Joyce Whitlock, and to Manager Heather LNU.  Plaintiff told his superiors that manager Johnny Palmer was discriminating against and harassing him because of his Race and Color. Plaintiff requested to be

transferred to another location. These managers stated that they would investigate.

21. After Plaintiff's complaint, manager Johnny Palmer increased his discrimination and harassment against Plaintiff.

22. Manager Johnny Palmer had frequent outbursts of anger against Plaintiff and was looking for pretext to insult and humiliate Plaintiff in front of other co-workers. Manager Johnny Palmer was openly hostile towards Plaintiff and subjected him to excessive job scrutiny and surveillance.

23. Manager Johnny's frequent, severe, and offensive conduct created a hostile work environment in violation of 42 U.S.C. §1981.

24. Plaintiff felt harassed, unwelcome, uncomfortable, humiliated, and intimidated in his place of work. The Plaintiff knew that his superior did not like him because he was Black and was looking for excuses to fire him.

25. On or about May 2023, Plaintiff complained again to Human Resources. Plaintiff told HR that manager Johnny Palmer was abusing him based on Race and Color. However, Defendant did not take any corrective action. Instead, Manager Johnny Palmer made things more complicated for Plaintiff and escalated his harassment.

26. After Plaintiff's complaints, Defendant did not investigate the alleged Race and Color discrimination; it did not sanction anybody, and Plaintiff's complaints were ignored.

27. Manager Johnny Palmer continued harassing and bullying Plaintiff based on his Race and Color. Plaintiff continued working for Defendant without complaining, trying to keep his position. Enduring discriminatory treatment became a condition for continued employment with Defendant.

28. On or about September 21, 2023, a co-worker tried to start a fight with Plaintiff in front of manager Johnny Palmer. Plaintiff was called to the office immediately and ordered to go home.

29. Plaintiff tried to go to the HR office to complain about the provoked incident, but manager Heather LNU told the Plaintiff that if he did not leave right away, they would call the Police.

30. Plaintiff went home and received a call from HR informing him that he was suspended until further investigation.

31. On or about October 3, 2023, Plaintiff received a call informing him that he was terminated.

32. On or about October 3, 2023, Defendant retaliatorily discharged plaintiff, and his human and civil rights were violated. Defendant's unjustified discrimination and harassment directly and proximately caused Plaintiff's

discharge because of the Plaintiff's Race and Color. Defendant retaliated against Plaintiff because he complained about Race and Color Discrimination at the workplace. Defendant's conduct violates both Federal and State Laws.

33. Defendant Napa Auto Parts is subjected to vicarious liability for the actions of its management because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected despite Defendant's knowledge that such discrimination, harassment, was occurring.

## COUNT I:
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. SECTION 1981, DISCRIMINATION BASED ON RACE AND COLOR

34. Plaintiff Jerrod E. Robertson re adopts every factual allegation stated in paragraphs 1-33 above as if set out in full herein.

35. This is an action against Napa Auto Parts for unlawful discrimination pursuant to 42 U.S.C., Section 1981.

36. At all times material hereto, Defendant Napa Auto Parts was an "employer" within the meaning of Section 42 U.S.C. §1981.

37. At all times material hereto, Plaintiff Jerrod E. Robertson was an "employee" and had a contractual relationship with Defendant within the meaning of 42 U.S.C. §1981.

38. Plaintiff Jerrod E. Robertson had at all times material and continues to have, a federally protected constitutional right to make and enforce contracts, to sue, to be parties, to give evidence, and to be free from racially based discrimination while bargaining, negotiating, or entering into a contract, including the enjoyment of all benefits, privileges terms and conditions of the contractual relationship of his employment at Napa Auto Parts.

39. Defendant has intentionally engaged in unlawful employment practices and discrimination, in violation of 42 U.S.C. § 1981, by treating Plaintiff differently from similarly situated employees because of his Race and Color.

40. Defendant subjected Plaintiff Jerrod E. Robertson to different adverse employment actions, including but not limited to the following acts and omissions: harassment, hostile working environment, and wrongful termination.

41. The practices referenced above have deprived the Plaintiff of equal employment opportunities and otherwise adversely affected his status as an employee because of his Race and Color.

42. As a direct and proximate result of the intentional violations by Defendant of Plaintiff's rights under 42 U.S.C. § 1981, by treating him differently from similarly situated employees and subjecting him to racial harassment because of his Race and Color, Plaintiff has suffered damages. His damages

include back pay, front pay, loss of benefits, future monetary loss, inconvenience, emotional pain, suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

43. Plaintiff has suffered and will continue to suffer irreparable injury and compensable damages due to Defendant's discriminatory practices unless and until this Court grants relief.

44. The actions of Defendant Napa Auto Parts and agents were willful, wanton, intentional, and with malice or reckless indifference to Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant Napa Auto Parts for its actions and to deter it, and others, from such actions in the future.

45. Plaintiff Jerrod E. Robertson has retained the undersigned counsel to prosecute his claims, and he is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

Prayer For Relief

Wherefore, Plaintiff Jerrod E. Robertson respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff Jerrod E. Robertson and against Defendant Napa Auto Parts based on Defendant's willful violations of 42 U.S.C. §1981; and

B. Award Plaintiff compensatory damages, including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count prejudgment interest; and

D. Award Plaintiff damages for the costs of litigation and filing, including attorney's fees; and

E. Grant such other and further equitable relief as this Court deems equitable and just and/or available pursuant to Federal Law, including punitive damages.

## Demand for a Jury Trial

Plaintiff Jerrod E. Robertson demands trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## RETALIATION, IN VIOLATION OF THE CIVIL RIGHTS OF 1866, 42 U.S.C., SECTION 1981

46. Plaintiff Jerrod E. Robertson re-adopts every factual allegation stated in paragraphs 1-33 of this complaint as if set out in full herein.

47. Plaintiff Jerrod E. Robertson and Defendant Napa Auto Parts had a contractual relationship.

48. Defendant Napa Auto Parts precluded Plaintiff from performing the stated contractual relationship when Defendant terminated Plaintiff.

49. Defendant terminated Plaintiff's contractual relationship in retaliation for Plaintiff's opposition to unlawful employment practices based on Race and Color, as more particularly described above.

50. Plaintiff was unable to enjoy all the benefits, privileges, terms, and conditions of their contractual relationship.

51. The actions of Defendant Napa Auto Parts and/or agents were willful, wanton, intentional, and with malice or reckless indifference to Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant Napa Auto Parts for its actions and to deter it, and others, from such actions in the future.

52. The Plaintiff has retained the undersigned counsel to prosecute his claims and is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

Prayer For Relief

Wherefore, Plaintiff Jerrod E. Robertson respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff Jerrod E. Robertson and against Defendant Napa Auto Parts based on Defendant's willful violations of 42 U.S.C. §1981; and

B. Award Plaintiff compensatory damages, including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count prejudgment interest; and

D. Award Plaintiff damages for the costs of litigation and filing, including attorney's fees; and

E. Grant such other and further equitable relief as this Court deems equitable and just and/or available pursuant to Federal Law, including punitive damages.

## Demand for a Jury Trial

Plaintiff Jerrod E. Robertson demands trial by a jury of all issues triable as of right by a jury.

Date: October 31, 2023

Respectfully submitted,

By: /s/ Zandro E. Palma
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:     (305) 446-1500

        Facsimile:       (305) 446-1502
        zep@thepalmalawgroup.com
        *Attorney for Plaintiff*

Case 3:23-cv-01316-HES-PDB   Document 1   Filed 11/06/23   Page 13 of 13 PageID 13